UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Adina Hurvitz

   v.                                    Civil No. 15-cv-55-JD

Paula Hurvitz

## REPORT AND RECOMMENDATION

Before the court is plaintiff Adina Hurvitz's complaint (doc. no. 3), asserting claims against defendant, Paula Hurvitz, plaintiff's stepmother and the former representative payee for her social security benefits. Because plaintiff is proceeding pro se, the matter is before the court for preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).

## Background

Adina Hurvitz ("Adina") asserts that from 2007 through 2011, her stepmother, Paula Hurvitz ("Paula"), served as the representative payee for Adina's social security benefits. Adina received Social Security Disability Income as well as survivor's social security benefits from her father's estate. Adina alleges that while Paula was her representative payee, Paula misused Adina's social security benefits. Specifically, Adina states that Paula: allowed the premiums for Adina's Medicare Part B insurance to lapse, costing Adina money in

medical bills and penalties; paid Adina's rent late, causing strained relations between Adina and her landlord; and failed to account for as much as $30,000 in benefits paid to Adina.

In January 2012, Douglas St. Clair became Adina's representative payee.  On Adina's behalf, St. Clair requested that the Social Security Administration ("SSA") investigate Paula's alleged misuse of Adina's benefits.  With her complaint, Adina has filed a copy of a February 25, 2014, letter she received from the SSA finding no misuse of funds by Paula.  Adina also filed an action in the Franklin District Court on August 29, 2014, but neither the status nor the result of those proceedings is set forth in the complaint.

## Discussion

### I. Preliminary Review Standard

This court may dismiss claims asserted in pleadings filed by parties proceeding in forma pauperis for lack of subject matter jurisdiction, and for failure to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).  In determining whether a pro se pleading states a claim, the court construes the pleading liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## II. Jurisdiction

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" Gunn v. Minton, 133 S. Ct. 1059, 1064 (2013) (citation omitted). The plaintiff here, as the party invoking the jurisdiction of this court, has the burden to establish the court's jurisdiction. Calderón-Serra v. Wilmington Trust Co., 715 F.3d 14, 17 (1st Cir. 2013).

To invoke this Court's jurisdiction, plaintiff must allege either that this action raises a federal question, in that the cause of action arises under federal law, or that this court has diversity jurisdiction over the matter. See 28 U.S.C. § 1331 (federal question) and § 1332 (diversity). To establish diversity jurisdiction, plaintiff must assert that the parties are citizens of different states, see id. at § 1332(a)(1), and that the amount in controversy in this action exceeds $75,000. See id. at § 1332(b).

### A. Federal Question

Plaintiff does not specifically invoke the United States Constitution or other federal law in asserting her claims. Neither 42 U.S.C. § 405(j) nor 42 U.S.C. § 1383(a), which concern payments of social security benefits and representative payees, explicitly provides for a private right of action by a

3

beneficiary against a representative payee. See Bates v. Nw. Human Servs., Inc., 466 F. Supp. 2d 69, 98-102 (D.D.C. 2006) (setting forth detailed analysis of statutory language of §§ 405(j) and 1383(a)).

> The statutes appear to envision the Commissioner of Social Security as the conduit through which an aggrieved beneficiary will recover monies as compensation for payments misappropriated or misused by a representative payee, and further contemplate that the Commissioner will then hold the representative payee liable for repaying the misused befits to the SSA.

Id. at 98-99. As "there does not appear to be a federal civil private right of action by a beneficiary against a representative payee for misuse of payments," the complaint does not invoke the court's federal question subject matter jurisdiction. Pearson v. Payee, No. 2:13-cv-0034 JAM KJN PS, 2013 WL 141234, *3 (E.D. Cal. Jan. 11, 2013); see also Singletary v. Beazley Ins. Co., No. 2:13-CV-1142-DCN, 2013 WL 5935114, *3 (D.S.C. Nov. 5, 2013).[1]

---

[1] An adverse decision in an administrative SSA proceeding concerning an allegation of misuse of funds by a representative payee is subject to judicial review. See Jackson v. United States, No. 07 CV 7216, 2008 WL 4089540, *5 (N.D. Ill. Aug. 21, 2008). A party who receives an adverse decision from the SSA, however, must fully exhaust administrative remedies. See 42 U.S.C. § 405(g). Plaintiff here has not demonstrated exhaustion of her administrative remedies to allow this court to review the February 25, 2014, adverse SSA decision.

B.   Diversity Jurisdiction

It is apparent on the face of the complaint that the plaintiff cannot invoke this court's diversity jurisdiction in this matter.  Plaintiff does not allege that the amount in controversy exceeds $75,000, and both plaintiff and defendant are citizens of New Hampshire.  See 28 U.S.C. § 1332.

## Conclusion

For the reasons set forth above, the district judge should dismiss the complaint, without prejudice, for lack of subject matter jurisdiction.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Garayalde-Rijos v. Munic. Of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

_____
Andrea K. Johnstone
United States Magistrate Judge

June 3, 2015

cc:  Adina Hurvitz, pro se